TOMMIE COPPER INC.,

                Plaintiff,

v.

IDEAVILLAGE PRODUCTS CORP.,

                Defendant.

Civil Action No. 14cv1991 (VLB)

IDEAVILLAGE PRODUCTS CORP.,

                Counter-Plaintiff

v.

TOMMIE COPPER INC.,

                Counter-Defendant

**ANSWER TO COMPLAINT AND
COUNTER-CLAIMS**

Defendant, IDEAVILLAGE PRODUCTS CORP. ("Ideavillage" or "Defendant") by its attorneys, Epstein Drangel, LLP, for its answer to the Complaint, denies the allegations set forth therein, except allege as follows:

## INTRODUCTION

1.      Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 1 of the Complaint and therefore denies the same.

2.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 2 of the Complaint and therefore denies the same.

## PARTIES

3.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 3 of the Complaint and therefore denies the same.

4.     Admitted.

## JURISDICTION AND VENUE

5.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 5 of the Complaint and therefore denies the same.

6.     Denied.

7.     Ideavillage admits it owns the getcopperflex.com website and offers to sell compression garments under the COPPER FLEX Trademark, and otherwise denies the remaining averments in numbered Paragraph 7 of the Complaint.

8.     Ideavillage admits it does business in New York, owns the ideavillage.com website and that it offers to sell and sells among "the most successful consumer products in the 'as seen on tv' industry, to among other U.S. residents, New York residents, and otherwise denies the remaining averments in numbered Paragraph 8 of the Complaint.

9.     Ideavillage admits it ships goods to residents of New York, and otherwise denies the remaining averments in numbered Paragraph 9 of the Complaint.

10.     Denied.

11.     Denied.

12.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 12 of the Complaint and therefore denies the same.

## FACTS

**A.     Tommie Copper's Compression Garment Business**

13.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 13 of the Complaint and therefore denies the same.

14.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 14 of the Complaint and therefore denies the same.

15.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 15 of the Complaint and therefore denies the same.

16.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 16 of the Complaint and therefore denies the same.

17.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 17 of the Complaint and therefore denies the same.

18.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 18 of the Complaint and therefore denies the same.

19.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 19 of the Complaint and therefore denies the same.

20.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 20 of the Complaint and therefore denies the same.

21.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 21 of the Complaint and therefore denies the same.

22.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 22 of the Complaint and therefore denies the same.

23.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 23 of the Complaint and therefore denies the same.

24.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 24 of the Complaint and therefore denies the same.

25.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 25 of the Complaint and therefore denies the same.

26.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 26 of the Complaint and therefore denies the same.

27.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 27 of the Complaint and therefore denies the same.

28.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 28 of the Complaint and therefore denies the same.

29.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 29 of the Complaint and therefore denies the same.

30.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 30 of the Complaint and therefore denies the same.

31.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 31 of the Complaint and therefore denies the same.

32.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 32 of the Complaint and therefore denies the same.

33.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 33 of the Complaint and therefore denies the same.

34.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 34 of the Complaint and therefore denies the same.

**B.      Tommie Copper Adopted the COPPER FLEX Marks.**

35.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 35 of the Complaint and therefore denies the same.

36.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 36 of the Complaint and therefore denies the same.

37.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 37 of the Complaint and therefore denies the same.

38.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 38 of the Complaint and therefore denies the same.

39.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 39 of the Complaint and therefore denies the same.

40.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 40 of the Complaint and therefore denies the same.

41.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 41 of the Complaint and therefore denies the same.

42.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 42 of the Complaint and therefore denies the same.

43.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 43 of the Complaint and therefore denies the same.

44.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 44 of the Complaint and therefore denies the same.

45.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 45 of the Complaint and therefore denies the same.

46.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 46 of the Complaint and therefore denies the same.

47.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 47 of the Complaint and therefore denies the same.

48.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 48 of the Complaint and therefore denies the same.

49.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 49 of the Complaint and therefore denies the same.

50.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 50 of the Complaint and therefore denies the same.

51.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 51 of the Complaint and therefore denies the same.

**C.     Ideavillage's Misappropriation of COPPER FLEX and Infringement of Tommie Copper's Trademarks Rights.**

52.     Admitted.

53.     Denied.

54.     Admitted.

55.     Denied.

56. Admitted.

57. Denied.

58. Admitted.

59. Denied.

60. Admitted.

61. Denied.

62. Denied.

63. Ideavillage admits it owns the getcopperflex.com domain name, and otherwise denies the remaining averments in numbered Paragraph 63 of the Complaint.

64. Ideavillage admits it owns and has had a website accessible through getcopperflex.com to market compression garments under the COPPER FLEX mark and that the screen shots attached as Exhibit 10 appear to show screen captures of portions of the website, and otherwise denies the remaining averments in numbered Paragraph 64 of the Complaint.

65. Denied.

66. Admitted.

67. Admitted.

68. Denied.

69. Denied.

70. Ideavillage admits it sent a letter, the contents of which speaks for itself, and otherwise denies the remaining averments in numbered Paragraph 70 of the Complaint.

71. Ideavillage admits it sent a letter, the contents of which speaks for itself, and otherwise denies the remaining averments in numbered Paragraph 71 of the Complaint.

72. Denied.

73.     Denied.

74.     Ideavillage admits it sent a letter, the contents of which speaks for itself, and otherwise denies the remaining averments in numbered Paragraph 74 of the Complaint.

75.     Denied.

76.     Ideavillage admits it sent a letter, the contents of which speaks for itself, and otherwise denies the remaining averments in numbered Paragraph 76 of the Complaint.

77.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 77 of the Complaint and therefore denies the same.

78.     Denied.

79.     Ideavillage is without knowledge or information sufficient to form a belief as to the truth of the averments in numbered Paragraph 79 of the Complaint and therefore denies the same.

80.     Ideavillage admits it sent a letter, the contents of which speaks for itself, and otherwise denies the remaining averments in numbered Paragraph 80 of the Complaint.

81.     Denied.

82.     Ideavillage admits it sent a letter, the contents of which speaks for itself, and otherwise denies the remaining averments in numbered Paragraph 82 of the Complaint.

## COUNT I

### Federal Trademark Infringement and Unfair
### Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

83.     In response to numbered Paragraph 83 of the Complaint, Ideavillage repeats the answers to Paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84.     Ideavillage cannot admit or deny this averment.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT II

### Trademark Infringement Under New York Law

93. In response to numbered Paragraph 93 of the Complaint, Ideavillage repeats the answers to Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Ideavillage cannot admit or deny this averment.

95. Denied.

96. Denied.

97. Denied.

## COUNT III

### Unfair Competition Under New York Law

98. In response to numbered Paragraph 98 of the Complaint, Ideavillage repeats the answers to Paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99. Ideavillage cannot admit or deny this averment.

100. Denied.

101. Denied.

102.   Denied.

## COUNT IV

### Declaratory Judgment of Noninfringement by Tommie Copper

103.   In response to numbered Paragraph 103 of the Complaint, Ideavillage repeats the answers to Paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104.   Ideavillage cannot admit or deny this averment.

## COUNT V

### Declaratory Judgment of Trademark Rights

105.   In response to numbered Paragraph 105 of the Complaint, Ideavillage repeats the answers to Paragraphs 1 through 104 of the Complaint as if fully set forth herein.

106.   Ideavillage cannot admit or deny this averment.

### First Affirmative Defense

The Complaint fails to allege a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Ideavillage did not commit any unlawful act. Any harm done to Plaintiff was due to factors of the market place that exist when there is free competition.

### Fourth Affirmative Defense

Ideavillage, at all times, acted with due care, innocence and in good faith.

### Fifth Affirmative Defense

Plaintiff, through its own actions, conduct, or failure to act, waived any right to relief.

## Sixth Affirmative Defense

Any and all alleged events and happenings, injuries and damages, if any, referred to in the Complaint were proximately caused or contributed by other parties.

## Seventh Affirmative Defense

If Plaintiff was granted the relief which it seeks here, it would be unjustly enriched.

## Eighth Affirmative Defense

No act or conduct of Ideavillage caused any damages or harm to Plaintiff.

## Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by or because of doctrines of authorization, acquiescence and consent.

## COUNTER-CLAIM BY IDEAVILLAGE PRODUCTS CORP.

Ideavillage Products Corp. ("Ideavillage" or Counter-Plaintiff"), a New Jersey corporation by and through their undersigned counsel, alleges as follows:

1.       Ideavillage Products Corp. is a New Jersey corporation, having a principal place of business at 155 Route 46 West, Wayne, N.J. 07470.

2.       Tommie Copper Inc. ("Tommie" or Counter-Defendant") is a New York corporation, having a principal place of business at 74 South Moger Avenue, Mount Kisco, NY 10549.

3.       Tommie alleges in its Complaint that Ideavillage violated its alleged trademark rights. As a consequence of the foregoing, there is an actual and justifiable controversy between Ideavillage and Tommie.

4.       This Court has subject matter jurisdiction over this controversy under 28 USC §§ 2201 and 2202.

5. This Court has personal jurisdiction over Tommie.

6. Venue is proper under 28 USC §§ 1391 and 1400.

7. Ideavillage is a leading marketer of quality, innovative consumer products. Ideavillage promotes and sells its products through national direct response television commercials commonly called "As Seen On TV".

8. Ideavillage also markets its products at the retail level at well-known mass retail outlets such as: Wal-Mart, Target Stores, Bed Bath & Beyond, Rite-Aid, CVS and Walgreens, through catalog companies and a network of international distributors. In addition, Ideavillage promotes and sells its products through its own and its retail customers' websites on the Internet, among other channels of trade.

9. Ideavillage is amongst the most well-known, well-respected sources of the most popular "As Seen On TV" products sold in the United States including successes such as: HD VISION, STOMPEEZ, MICROTOUCH MAX, and FINISHING TOUCH, among many other products.

10. Beginning in early 2013, Ideavillage began to develop a consumer compression product ("Product"). Since early 2013, the Product has been called COPPER FLEX.

11. Ideavillage had a trademark search conducted in January, 2013 to clear COPPER FLEX as a trademark.

12. Since early 2013, Ideavillage actively and publicly worked with third party vendors to develop the Product and design marketing campaigns for the Product, all using COPPER FLEX as the trademark.

13.     Ideavillage also featured the Product at trade shows (among others, NACDS in August 2013 and ERA in September 2013), in sales meetings with third party sales representatives and retailers, at all times using COPPER FLEX as the trademark.

14.     Based on the positive feedback Ideavillage obtained from third parties viewing the Product, on December 5, 2013, Ideavillage filed a U.S. trademark application for COPPER FLEX, Ser. No. 86/136399, for compression devices; compression bands; compression garments; clothing; footwear; headgear; gloves; sleeves; socks.

15.     Soon thereafter, Ideavillage started an active marketing campaign for its Product using the COPPER FLEX trademark.

16.     On or about January 11, 2014, Ideavillage aired its first commercial for the Product using the COPPER FLEX trademark and had its first order placed.

17.     On September 27, 2013, Tommie filed an intent to use trademark application for COPPER FLEX, Ser. No. 86/076647 ('647 Application"), for textile fabrics for use in making clothing and household furnishings all featuring copper-infused yarn.

18.     The timing of the '647 Application on the last day of ERA Las Vegas attended by both Parties, where Ideavillage actively marketed and promoted its Product under the COPPER FLEX trademark to the trade, is suspect and calls into question Tommie's good faith intent to use the COPPER FLEX trademark.

19.     Further, the '647 Application is void since there was never an intent to use the mark in commerce or actual use by Tommie and Ideavillage has opposed the '647 Application on these grounds, among others.

20.     The earliest date of alleged actual first use of Tommie's COPPER FLEX mark, as set forth in the Complaint, is based on Tommie's "alleged" offering for sale of "a number of

different types of compression garments offered for sale by Tommie Copper at its Mt. Kisco store and through the Tommie Copper website beginning on January 29, 2014". Complaint, ¶40.

21.     As indicated above, Ideavillage has common law rights which predated Tommie's alleged January 29, 2014 date of first use.

22.     Ideavillage's pre-sale activity leading up to its release of its COPPER FLEX Product also gives it priority over Tommie's '647 Application. Tommie has not yet filed an Amendment to Allege Use.

23.     Since the '647 Application has been opposed by Ideavillage and is thus still pending, the right of priority conferred by 15 U.S.C. § 1057 does not apply. Tommie cannot rely on its constructive date of first use conferred via its pending and opposed '647 Application.

24.     Ideavillage is the senior user of the COPPER FLEX trademark.

## FIRST CAUSE OF ACTION
### (False Designation of Origin, False Association and  Unfair Competition)
### [15 U.S.C. §1125(a)/Lanham Act §43(a)]

25.     Ideavillage repeats and re-alleges every allegation set forth in Paragraphs 1- 24 of the Counter-claims.

26.     Ideavillage, as the owner of all common law right, title, and interest in and to COPPER FLEX trademark, has standing to maintain an action for false designation of origin, false association and unfair competition under the Federal Trademark Statute, Lanham Act §43(a) (15 U.S.C. §1125). The COPPER FLEX trademark is inherently distinctive and/or has acquired distinctiveness.

27.     Tommie has, without authorization, on or in connection with its goods and services, used in commerce, marks that are confusingly similar to Plaintiff's COPPER FLEX trademark, and/or has made false designations of origin and false associations which are likely to

cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Tommie with Ideavillage, and/or as to the origin, sponsorship or approval of Tommie's goods or commercial activities.

28.     Tommie's conduct described above violates the Lanham Act, and Tommie has unfairly competed with and injured, and unless immediately restrained, will continue to injure Ideavillage, causing damage to Ideavillage in an amount to be determined at trial, and will cause irreparable injury to Ideavillage's goodwill and reputation associated with the value of Plaintiff's COPPER FLEX trademark.

29.     Upon information and belief, the conduct of Tommie has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Ideavillage's rights.

30.     Tommie knew, or by the exercise of reasonable care, should have known, that its adoption and commencement of use in commerce and continuing use of a mark that is confusingly similar to and constitutes a reproduction of Plaintiff's COPPER FLEX trademark would cause confusion, mistake or deception among purchasers, users and the purchasing public.

31.     Tommie's egregious and intentional use of a mark similar to the COPPER FLEX trademark in commerce unfairly competes with Ideavillage and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that Tommie's substandard imitations are part of Ideavillage's Products.

32.     Tommie's continuing and knowing use of Plaintiff's COPPER FLEX trademark constitutes false designation of origin, false association and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Ideavillage to suffer substantial and irreparable injury for which it has no adequate remedy at law.

33.     Tommie's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Ideavillage's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Tommie's wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its Products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its COPPER FLEX trademark as a commercial asset in an amount as yet unknown but to be determined at trial. Ideavillage seeks an accounting of Tommie's profits, and requests that the Court grant Ideavillage three times that amount in the Court's discretion.

34.     Based on Tommie's wrongful conduct, Ideavillage is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Tommie's profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

### SECOND CAUSE OF ACTION
### (Violation of Deceptive Trade Practices Act - Gen. Bus. Law § 349)

35.     Ideavillage repeats and re-alleges every allegation set forth in Paragraphs 1- 34 of the Counter-claims.

36.     Tommie's aforementioned conduct is false, misleading and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce and is misleading the public and injuring the good will and reputation of Ideavillage in violation of N.Y. Gen, Bus. Law §§ 349.

### THIRD CAUSE OF ACTION
### (False Advertising - N.Y. Gen. Bus. Law § 350)

37.     Ideavillage repeats and re-alleges every allegation set forth in Paragraphs 1- 36 of the Counter-claims.

38.     By reason of the foregoing acts, Tommie has engaged in and are continuing to

engage in acts which are misleading the public and injuring the good will and reputation of Ideavillage in violation of N.Y. Gen, Bus. Law § 350.

**FOURTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

39.     Ideavillage repeats and re-alleges every allegation set forth in Paragraphs 1-38 of the Counter-claims.

40.     By marketing, advertising, promoting, selling and/or otherwise dealing in the infringing products, Tommie has engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of New York.

41.     Tommie's marketing, advertising, promoting, selling and/or otherwise dealing in infringing products is in violation and derogation of Ideavillage's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Tommie, thereby causing loss, damage and injury to Ideavillage and to the purchasing public. Tommie's conduct was intended to cause such loss, damage and injury.

42.     Tommie knew or by the exercise of reasonable care should have known that its marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the infringing products would cause confusion mistake or deception among purchasers, users and the public.

43.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in infringing products, Tommie intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Ideavillage.

19

44. Upon information and belief, the conduct of Tommie has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Ideavillage's rights.

45. Tommie's wrongful conduct, as alleged above, have permitted and will permit them to make substantial sales and profits on the strength of Ideavillage's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Tommie's wrongful conduct, as alleged herein, Ideavillage has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Tommie seeks an order granting Tommie's profits stemming from its infringing activity, and its actual and/or compensatory damages.

46. Ideavillage has no adequate remedy at law for Tommie's continuing violation of its rights set forth above. Ideavillage seeks preliminary and permanent injunctive relief.

47. Ideavillage seeks exemplary or punitive damages for Tommie's intentional misconduct.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**[New York Common Law]**

48. Ideavillage repeats and re-alleges every allegation set forth in Paragraphs 1- 47 of the Counter-claims.

49. By virtue of the egregious and illegal acts of Tommie as described above, Tommie has been unjustly enriched in an amount to proven at trial.

50. Tommie's retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Tommie and would be

contrary to the interests of justice.

**WHEREFORE**, Ideavillage prays for judgment against Tommie, as follows:

A.     For an award of Tommie's profits and Ideavillage's damages in an amount to be proven at trial for trademark infringement in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a);

B.     For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices.

C.     For damages to be proven at trial for common law unfair competition;

D.     For an injunction by this Court prohibiting Tommie from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any infringing product; the unauthorized use of any trademark, or other intellectual property right of Ideavillage; acts of trademark infringement; unfair competition; and any other act in derogation of Ideavillage's rights, such as Tommie's trademark application;

E.     For an order from the Court requiring that Tommie provide complete accountings and for equitable relief, including that Tommie disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Tommie complied with their legal obligations, or as equity requires;

F.     For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Tommie's possession which rightfully belong to Ideavillage;

G.     For destruction of the infringing articles in Tommie's possession;

H.     For an award of exemplary or punitive damages in an amount to be determined by the

Court;

I.     For damages in an amount to be proven at trial for unjust enrichment.

J.     For Ideavillage's reasonable attorney's fees;

K.     For all costs of suit;

L.     For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Ideavillage respectfully demands a trial by jury in this action.

Dated: 5/27/14.

Respectfully submitted,

BY: _____

Jason M. Drangel (JMD 7204)
William C. Wright (WCW 2213)
Ashly E. Sands (AES 7715)
EPSTEIN DRANGEL LLP
*Attorneys for Defendant / Counter-claim Plaintiff*
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Answer and Counter-Claims was served by ECF, e-mail and regular mail on this 27th day of May, 2014, upon Plaintiff's counsel at:

Mr. Andy I. Corea, Esq.
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

New York, New York                    By: _____
                                            Jason M. Drangel